EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff–Appellant,

v.

UNIVERSAL MANUFACTURING
CORP., et al.,
Defendants–Appellees.

No. 89–7097.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1990.

Lamont N. White, Donna J. Brusoski, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Leslie J. Bobo, Herbert C. Ehrhardt, Jeffrey A. Walker, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for Universal Mfg.

Roger K. Doolittle, Jackson, Miss., for Union Local 2198.

Before GEE and DAVIS, Circuit Judges, and LITTLE,* District Judge.

PER CURIAM:

The Equal Employment Opportunity Commission (EEOC), on behalf of an employee, appeals from the district court's summary judgment in favor of the employer in an action for religious discrimination. We find that the court erred in ruling that, absent a showing of undue hardship by an employer, accommodating only one of the two practices of the employee's religion, both of which conflicted with the employee's work duties, satisfied as a matter of law the duty of "reasonable accommodation" imposed on the employer by Section 701(j) of Title VII; and, therefore, we reverse and remand for a determination in accordance with this opinion.

Universal Manufacturing Corporation received a request from one of its late shift machine operators, Mary Parker, for seven days unpaid leave to allow her to attend the Feast of Tabernacles and the Last Great day, a religious festival celebrated every year by her church, the Worldwide Church of God. The church requires its members both to attend and to refrain from working during that period. Pursuant to work rules which allowed only five consecutive working days off for personal reasons, Universal denied Parker's request. Universal offered Parker two choices: (1) five working days off; or (2) seven days off if she worked one shift within that seven days. Parker informed Universal she would take seven days off but would not work a shift during the seven days. Universal responded with a termination warning. Despite the warning, Parker attended the festival and did not report for work. She was fired.

In consequence, the Equal Employment Opportunity Commission (EEOC) brought an action on Ms. Parker's behalf, alleging that Universal fired her on the basis of her religion because Universal failed to reasonably accommodate her religious practices within the meaning of section 701(j) of Title VII.[1] The district court, finding as a matter of law that Universal's offer to Parker constituted a reasonable accommodation of her religious beliefs, granted Universal's motion for summary judgement. The EEOC appeals the district court's determination.

■ Section 701(j) of Title VII obligates an employer to "reasonably accommodate" an employee's religious observance or practice unless doing so poses undue hardship to the employer's business.[2] The range of

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. The EEOC joined her union as a defendant as well.

2. Section 701(j) states:
   The term "religion" includes all aspects of religious observation and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to

acceptable accommodation under Title VII moderates the conflicting interests of both the employee and the employer: (1) it protects the employee by requiring that the accommodation offered be "reasonable;" and (2) it protects the employer by not requiring any accommodation which would impose an "undue hardship." Offered an accommodation falling within this range, the employee cannot insist upon a specific or more beneficial one. Nor must an employer offer one. *Ansonia Board of Education v. Philbrook*, 479 U.S. 60, 68, 107 S.Ct. 367, 371, 93 L.Ed.2d 305 (1986). However, in this case, we are not concerned with choosing between alternative accommodations, both of which are "reasonable;" we must first determine whether the district court properly concluded that, as a matter of law, the choices offered to Parker by Universal necessarily lie within the acceptable range. We conclude they do not.

We need not embark on a long discussion of what is or is not "reasonable" accommodation. Ordinarily, questions of reasonableness are best left to the fact finder. Here, the EEOC insists that Parker presented *two* religious conflicts to Universal: (1) attendance at the festival during her normal working shift *and* (2) complete forbearance from work during the week of the festival. Universal attempted to (and did) accommodate the first practice but apparently made no attempt to accommodate the second. Had these practices arisen in separate circumstances, we have no doubt the court would not summarily have found reasonable accommodation of the second practice if the employer offered only to accommodate the first. To the contrary, such a selective "accommodation" would be patently unreasonable.

The fact that both practices arise under the same circumstances should not alter the result. So held the Sixth Circuit when faced with this exact issue. In *Smith v. Pyro Mining Co.*, 827 F.2d 1081 (6th Cir. 1987), *cert. denied*, 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988), noting that the employee had both a sincere religious objection to working on the Sabbath and a sincere religious objection to asking a fellow employee to work on the Sabbath, the court found the employer's otherwise reasonable proposed accommodation—permitting individuals to swap shifts—satisfied only the first objection; the statute obligated the employer to make further accommodation attempts unless such attempts would pose an undue hardship. Accord *Equal Employment Opportunity Commission v. University of Detroit*, 904 F.2d 331, 334, 335 (6th Cir.1990) (reversing summary judgment where the agency shop clause of a collective bargaining agreement required a teacher to compromise his religious beliefs in two distinct fashions—directly *contributing* money to support and *associating* with the union—and the union attempted to satisfy only the contribution element).

Requiring the employer at least to attempt to accommodate each religious conflict that arises does not, as Universal suggests, contradict the Supreme Court's reading of section 701(j). The Supreme Court has never held that the question of "reasonable" accommodation focuses upon the number of conflicts or even upon the proportion of a single conflict eliminated by the employer's offer of accommodation.[3]

True, the Court has stated that "absolute accommodation" is not required. *Ansonia.* The employee, for example, cannot have his cake and eat it too. That is what the *Ansonia* Court denied an employee who insisted upon additional paid personal leave for religious purposes, when his employer effectively permitted unpaid leave. Generally accepting either solution as reasonable,

an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

3. Reasonableness seems to focus more upon the cost to the employer, the extent of positive involvement which the employer must exercise,

and the existence of overt discrimination by the employer. For example, both unpaid leave and voluntary rather than mandatory shift swaps ordinarily would be reasonable; but discriminating between religious and non-religious paid personal leave would not. *See Ansonia; Smith.*

the Court merely relegated the choice between alternative forms of reasonable accommodation to the employer rather than to the employee.[4] The *Ansonia* Court did not leave the employer free to choose an unreasonable form of accommodation over a reasonable one. Nor did the Court license or condone an employer's entire lack of effort to accommodate a given conflict merely because the employer offered to accommodate other ones.

■ Rather than conflicting with *Ansonia,* our holding conforms to its reasoning: The Court was concerned expressly with maintaining "flexibility" and "desire to achieve an adjustment" between employers and employees. Giving the employee the choice between reasonable alternatives would, as the Court said, give an employee "every incentive to hold out for the most beneficial accommodation despite the fact that an employer offers a reasonable resolution of the conflict." Permitting an employer to discriminate, under the guise of reasonableness, between which religious conflicts that employer will or will not accommodate not only would fail to preserve flexibility, it would utterly eradicate Title VII's protection against religious discrimination.

■ We do not mean to say that Universal must bow to Parker's demands no matter what cost or effort is required. There may have been a reasonable means, such as allowing her to swap shifts, in which Universal could have accommodated Parker's religiously required forbearance from work for one week a year. That is a question of fact. Even if there was no reasonable means of accommodation available, Universal may be able to avoid liability for discrimination by showing that accommodating Parker's religious practices would have caused Universal undue hardship. Again, that is a question of fact. Alternatively, Universal may have been unaware that Parker's religion requires her to refrain from work as well as to attend the

festival, another question of fact. Under these circumstances, summary judgment in favor of Universal was inappropriate. We REVERSE and REMAND for further proceedings.

---

**4.** The Court remanded on the question of "reasonableness," particularly as to whether employees could take additional paid personal days for non-religious purposes which they could not take for religious purposes; if they could, the Court admonished that the discrimination between religious and non-religious purposes would be unreasonable despite the offer of unpaid leave to accommodate the religious purposes.