**Bradley BAKER, Plaintiff–Appellant,**

v.

**THE HOME DEPOT, Defendant–Appellee.**

**Docket No. 05–1069–CV.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 17, 2005.

Decided: April 19, 2006.

---

Bradley Baker, Filmore, NY, pro se, Plaintiff–Appellant.

Debra Morway (Christopher P. Reynolds, of counsel), Morgan, Lewis & Bockius LLP, New York, NY, for Defendant–Appellee.

Marc D. Stern, Amicus Curiae American Jewish Congress, New York, NY, in support of Plaintiff–Appellant.

Paul D. Ramshaw (Vincent J. Blackwood and Eric S. Dreiband, United States Equal Employment Opportunity Commission; David K. Flynn, Eric W. Treene, David White, and Bradley J. Schlozman, United States Department of Justice, Civil Rights Division, on the brief), Amici Curiae United States Equal Employment Opportunity Commission and United States Department of Justice, Civil Rights Division, Washington, DC, in support of Plaintiff–Appellant.

Before: KEARSE, MINER, and HALL, Circuit Judges.

MINER, Circuit Judge.

Plaintiff–Appellant Bradley Baker ("Baker") appeals pro se from a summary judgment entered in the United States District Court for the Western District of New York (Telesca, *J.*) in favor of Defendant–Appellee The Home Depot ("Home Depot"). Invoking the provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), Baker brought the action giving rise to this appeal to redress alleged religious discrimination in his employment by Home Depot. According to his complaint, Baker claims that Home Depot discriminated against him for refusing to work on Sundays. The District Court found that Home Depot's offer to Baker of a work schedule excluding Sunday mornings constituted a reasonable accommodation of Baker's religious beliefs and granted summary judgment accordingly. We vacate the judgment of the District Court and remand the case for further proceedings in accordance with the analysis that follows.

## BACKGROUND

For purposes of reciting the factual background of this case, we adopt the version of events provided by Baker, although his version is controverted in some respects by that provided by Home Depot.

We do so because we are constrained, in reviewing a ruling on a motion for summary judgment, to resolve all ambiguities and draw all inferences in favor of Baker, the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We therefore "view the facts in the light most favorable" to Baker. *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir.2005).

Home Depot first employed Baker in March 2001. At that time, Baker was hired as a full-time sales associate in the floor and wall department of Home Depot's store in Auburn, Massachusetts. Baker performed his duties on a flexible work schedule and worked on evenings, weekends, and on any day of the week that his services were required. As a full-time employee guaranteed a forty-hour work week, Baker was entitled to all the employee benefits provided by Home Depot. These benefits included health insurance, which he declined. During his time of employment at the Auburn store, Baker frequently traveled to the Rochester area to be with his fiancée. With her, he attended church services at the Gospel Fellowship Church in Belmont, New York. During these services and during pre-marital counseling by the pastor of the Gospel Fellowship Church, Baker became "fully aware of the importance of the Sabbath" and the biblical requirement that all work cease on the Sabbath. Baker asserts that the "teachings and counseling" that he received at the church made him aware of his "responsibility as head of the family ... to make sure that [his] spouse and children also obeyed the word" and observed the Sabbath. Baker came to understand that Sunday is "a day of rest and meditation" and that strict observance of the Sabbath is the *sine qua non* of his faith. He married his fiancée in Septem-

ber, 2001, and he and his wife presently are congregants of the Gospel Fellowship Church.

In August of 2001, Baker relocated from Massachusetts to New York to be closer to his then-fiancee, who had been offered a job in Rochester. He applied for a position at the Henrietta, New York, Home Depot store and was hired for a position essentially the same as his position in the Auburn store. At the time of his interview with Mike Poss, the Henrietta store manager, Baker advised that he "was not able to work at all on Sundays because of [his] religious convictions, and that [he] could any other day at any time." Baker made it clear that "[if he] was not able to have Sundays off then [he] would not be able to work there." Poss told Baker to talk to Shawn Forness, who would set the work schedule as Baker's supervisor. Baker explained his beliefs to Forness and his need to have Sundays off. Forness said there was no problem and in fact did not schedule Baker to work on Sundays.

An assistant manager named Tammy Papke took over scheduling responsibilities when Forness died in March of 2002. Papke was aware that Baker did not work on Sundays and made sure that he was scheduled accordingly. Shortly thereafter, Mike Woodman became responsible for Baker's scheduling, having taken over as supervisor of the department to which Baker was assigned. Woodman asked Baker if he had any scheduling requests. Baker asked to have Sundays off, and Woodman responded that he was aware of Baker's situation and would not schedule him to work on Sundays. Within a few months after Woodman assumed his supervisory duties, management designated two people to make up the work schedules for the entire store. Jim Ford was designated scheduler for the employees included in Baker's department. When Ford inquired whether Baker had any requests, Baker responded: "not to work any Sundays." Ford assured Baker that this request was "not a problem" and that he would not schedule Baker to work on Sundays.

In July, 2002, Baker noticed that his name was on the schedule to work on a Sunday during that month. He brought the matter to the attention of Woodman, his supervisor, who said it was a mistake. Both Woodman and Baker spoke to the scheduler, Ford, who said "yes it was a mistake[,] that he knew [Baker] did not work on Sundays and that he would take care of it." Baker also brought the matter to the attention of John Atkinson, the store manager, who also "told [Baker] he did not have any problem with [Baker] not working on Sundays." Nevertheless, Baker remained on the list for the scheduled Sunday in July, 2002. When he did not report on that day, Assistant Manager Papke called Baker at his home to inquire about his absence. Baker referred her to Ford, who was in charge of the overall scheduling for Baker's department.

On September 1, 2002, Colleen Vorndran became the store manager for the Home Depot store in Henrietta. About one month later, Vorndran called Baker into her office and inquired why Baker was not scheduled to work on Sundays. Baker explained that his religious beliefs foreclosed any labor on Sunday, which his religion considered "a day of rest." Vorndran told Baker that he "needed to be fully flexible and if [he] could not work on Sundays then [he] could not work there." Thereafter, Baker was scheduled to work on Sunday, October 13, 2002. He called the store that day and reported that he "would not be in for religious reasons." Baker was called into Vorndran's office again on October 15, 2002. Vorndran asked Baker why he had been absent on

October 13, and Baker once again explained that he could not work on Sundays for religious reasons. Vorndran insisted that the Sunday absences could not continue and that Baker would have to work on Sundays. She asked Baker if he attended church on Sundays and, when Baker replied in the affirmative, offered him a later shift on Sundays. Refusing the offer, Baker emphasized that "it was a requirement and belief that [he] could not work at all on Sundays."

During that conversation, Vorndran also offered Baker the option of part-time employment, whereby Baker could have Sundays off but would not have a guaranty of a forty-hour week nor of the employment benefits apparently attendant only to full-time employment. In response to the offer, Baker "explained that [he] needed 40 hours a week and also would need to pick up benefits because [he] had a daughter on the way and [his] wife was going to part time [employment] and [they] would lose [their] benefits." Vorndran said that these were reasons "why [Baker] would need to stay full time and work on Sundays." Baker then "told [Vorndran] not to make [him] choose between [his] religion and [his] job." Thereafter, Baker was scheduled to work on Sunday, October 20, 2002. He again called in to explain that he would be absent for religious reasons on that day. On October 29, 2002, Baker was summoned to Vorndran's office, where his employment was terminated for unexcused absences.

In her affidavit in support of Home Depot's motion for summary judgment, Vorndran asserted: "It is essential to the business needs of the store to have all full-time associates fully available to work flexible schedules on any day of the week. Allowing one associate to have Saturday or Sunday off would simply not meet the needs of the store, nor would it be fair to the other full-time associates." The affidavit includes the allegation that, in addition to the options offered to Baker in lieu of Sundays off, Vorndran "suggested that [Baker] could find another sales associate to swap shifts with him," a suggestion allegedly rejected by Baker.

The District Court, in ruling on Home Depot's motion for summary judgment, determined that Baker had carried his initial burden of establishing a prima facie case of religious discrimination by: showing that he holds a bona fide religious belief in conflict with a requirement of employment; informing Home Depot of his belief; and being disciplined, i.e., fired, for failing to comply with the requirement. The District Court rejected Home Depot's argument that Baker does not hold a bona fide religious belief requiring him to abstain from work on Sunday. Home Depot's argument to that effect was grounded in the fact that Baker had held previous employment, including employment at Home Depot, involving Sunday work and had stated in his deposition that he considered Sunday to be "family time." For the purpose of the summary judgment motion, the Court opined that "[Baker's] affidavit explaining the genesis of his belief about the sacredness of the Sabbath is sufficient evidence to create a jury question as to the validity of that belief." However, noting that an offer of reasonable accommodation avoids liability for religious discrimination in employment, the District Court found such an offer in Home Depot's proposal "to schedule [Baker] to work in the afternoon or evenings on Sundays, thus allowing him to attend his religious services." Accordingly, the District Court granted Home Depot's motion for summary judgment and dismissed Baker's complaint with prejudice. We proceed with a de novo review of that District Court determination. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999).

## ANALYSIS

■ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., prohibits discrimination in employment on the basis of religion. Specifically, an employer may not "fail or refuse to hire or . . . discharge any individual, or otherwise . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e–2(a)(1). Title VII provides that "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). In brief, it is "an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." *Trans World Airlines. Inc. v. Hardison*, 432 U.S. 63, 74, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977).

■ As correctly observed by the District Court, all plaintiffs who seek to make out a prima facie case of religious discrimination must show that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). Once a prima facie case is established by the employee, the employer "must offer [him or her] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir.2002).

■ Although Home Depot supports the District Court's determination that it had offered Baker a reasonable accommodation, Home Depot insists on appeal, as it did in the District Court, that Baker cannot even make a prima facie showing of discrimination. It urges us to affirm on this ground, noting that we are "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir.2004) (internal quotation marks omitted). In contending that Baker cannot present a prima facie case, Home Depot points to the fact that Baker at one time characterized Sunday as a "family day" and therefore did not demonstrate a sincere *religious belief* requiring him to abstain from Sunday employment. Home Depot also attempts to glean from the present record other evidence supposedly supporting its claim that Baker's refusal to work on Sundays was not based on religious conviction. Specifically, Home Depot points to an affidavit of Patrick T. Lyons, Pastor of Baker's church. According to Home Depot, "[c]ritically, Pastor Lyons does not state that Sunday work is forbidden." But Pastor Lyons *did* refer in his affidavit to "Sunday . . . as a day of corporate worship, and as a *day of rest.*" (emphasis supplied). Further eroding Home Depot's representation regarding Pastor Lyons' affidavit is the following statement included in the affidavit: "My admonishment to the congregation has been to find employment in which they would *have Sunday off.*" (emphasis supplied).

Moreover, the present record is replete with protestations of Baker's belief that Sunday employment was prohibited absolutely by Scripture. Baker admits that there was a time when he did work on

Sundays because he "was not fully aware of the importance of the Sabbath until [the] teachings and counseling" that he received in his church. When he gained this awareness, he insisted on observing the Sabbath in the manner that his religious understanding required. As the District Court succinctly found: "[Baker's] affidavit explaining the genesis of his belief about the sacredness of the Sabbath is sufficient evidence to create a jury question as to the validity of that belief. Since the question of the sincerity of an individual's religious beliefs is inherently within that individual's unique purview, [Baker's] explanation suffices to establish the first prong of his prima facie case of religious discrimination."

Home Depot also contends that Baker failed on the second prong of his prima facie case in not adequately informing it that his religion forbade him from working on Sundays. Here, Home Depot quotes from Baker's deposition, in which he refers to Sunday as "[his] religious day, time for [his] family, time for [his] church, time for [his] beliefs." This, says Home Depot, "does not convey that Sunday work is forbidden by [Baker's] religion." Aside from the fact that the statement quoted can be read quite differently, Baker has set forth numerous occasions upon which he made clear to various supervisory personnel at Home Depot that his religious convictions prevented him from working on any Sunday. In his final exchanges with Vorndran, the store manager, Baker several times emphasized that he would not work on Sundays because of his religious convictions. Vorndran must have understood this, because she offered what she considered to be alternatives to accommodate Baker's religious beliefs as she herself understood them. The fact that she did not fully understand them does not gainsay the fact that she was aware that Baker was a man of deep religious conviction.

■ There is at the very least a triable issue as to whether Baker adequately informed Home Depot that his religious convictions forbade work on Sundays. The same is true as to the third prong of Baker's prima facie case—that Baker was disciplined, i.e., fired—for failure to comply with the conflicting employment requirement that he work on Sundays. Baker claims that when he did not report for work on Sundays as scheduled, he was fired, despite the knowledge of Vorndran and other Home Depot supervisors that he was absent because of his religious convictions.

■ After reviewing the question of reasonable accommodation, the District Court found "as a matter of law that [Home Depot's] offer to schedule [Baker] to work in the afternoon or evenings on Sundays, thus allowing him an opportunity to attend his religious services, is a reasonable accommodation as contemplated by 42 U.S.C. § 2000e(j)." The District Court erred in so holding. In assigning error to the District Court's determination, we adopt the following reasoning of the Sixth Circuit, substituting Baker's name for the name of the plaintiff and Sunday for Saturday as the day of the Sabbath in the case quoted:

> The shift trade offer accommodated only one of [Baker's] concerns, that of missing church service on [Sunday], but failed to address [Baker's] principal objection to working on [Sunday]. An employer does not fulfill its obligation to reasonably accommodate a religious belief when it is confronted with two religious objections and offers an accommodation which completely ignores one.

*Cooper v. Oak Rubber Co.,* 15 F.3d 1375, 1379 (6th Cir.1994). It follows that the shift change offered to Baker was no accommodation at all because, although it

would allow him to attend morning church services, it would not permit him to observe his religious requirement to abstain from work *totally* on Sundays. Simply put, "[t]he offered accommodation cannot be considered reasonable ... because it does not eliminate the conflict between the employment requirement and the religious practice." *EEOC v. Ilona of Hungary, Inc.,* 108 F.3d 1569, 1576 (7th Cir.1996).

Although we are constrained to vacate the judgment of the District Court because of the inadequacy of the offer of shift change on Sundays as an accommodation, we express here no opinion as to whether Home Depot's offer of part-time employment or its allowance of the exchange of shifts with other employees would constitute reasonable accommodations. We leave the consideration of those matters to the District Court in the first instance. We do note that employees are not entitled to hold out for the "most beneficial accommodation," *Ansonia Bd. of Educ. v. Philbrook,* 479 U.S. 60, 69, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986), and that, "[o]rdinarily, questions of reasonableness are best left to the fact finder," *EEOC v. Universal Mfg. Corp.,* 914 F.2d 71, 73 (5th Cir.1990). That being said, we have provided some guidance in this area by observing that an offer of accommodation may be *unreasonable* "if it cause[s] [an employee] to suffer an inexplicable diminution in his employee status or benefits.... In other words, an accommodation might be unreasonable if it imposes a significant work-related burden on the employee without justification, such as the neutral operation of a seniority system." *Cosme,* 287 F.3d at 160. It seems to us that "inexplicable," "significant," and "justification" are the operative words to be reckoned with in any analysis of reasonableness *vel non.*

Home Depot, again contending for affirmance on an alternative ground, ar-

gues that the accommodation sought by Baker would place an undue burden upon it. It contends that Baker's request for Sundays off would require his "co-workers to shoulder a larger workload of undesirable shifts, which, in turn, fosters lower morale and decreased productivity, while at the same time increasing the likelihood that the employer would have to pay overtime premiums." The undue burden claim is not fully developed in the record and was not addressed by the District Court. We leave this defense also for consideration by the District Court in the first instance. The Supreme Court teaches that an undue hardship occurs whenever an employer claims that it cannot afford "any reasonable accommodation without such a hardship." *Ansonia,* 479 U.S. at 69, 107 S.Ct. 367. Accordingly, "where the employer has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end." *Id.* at 68, 107 S.Ct. 367. An accommodation is said to cause an undue hardship whenever it results in "more than a de minimis cost" to the employer. *Trans World Airlines,* 432 U.S. at 84, 97 S.Ct. 2264. The District Court's resolution of the undue hardship defense raised by Home Depot therefore should abide the resolution of the reasonable accommodation issue, if it needs to be resolved at all.

## CONCLUSION

We vacate the judgment of the District Court and remand the case for such further proceedings consistent herewith as the District Court may deem appropriate. We express no opinion other than that which underlies our determination to vacate. No costs on this appeal will be allowed. *See* Fed. R.App. P. 39(a)(4).