**Norma DEL FRANCO, Plaintiff–Appellant,**

v.

**NEW YORK CITY OFF–TRACK BETTING CORPORATION, Defendant–Appellee.**

**No. 06–2489–cv.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2007.

Mario DeMarco, Law Office Of Mario DeMarco, P.C., Port Chester, NY, for Plaintiff–Appellant.

Norman Corenthal, for Michael A. Cardozo, Corporation Counsel of the City of New York (Kristin M. Helmers, of counsel), New York, NY, for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the

district court granting summary judgment be hereby **AFFIRMED**.

Plaintiff–Appellant Norma Del Franco appeals from the April 28, 2006, 429 F.Supp.2d 529, Memorandum and Order of the United States District Court for the Eastern District of New York (Azrack, *M.J.*), granting Defendant–Appellee New York City Off–Track Betting Corporation's motion for summary judgment and dismissing Appellant's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo. New York v. Nat'l Serv. Indus.,* 460 F.3d 201, 206 (2d Cir.2006). Summary judgment may be granted only if we conclude that the case presents "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "An issue of fact is 'genuine' if " 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " " *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir.2007) (quoting *Jeffreys v. City of N.Y.,* 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))). All inferences must be drawn in favor of the nonmoving party. *Baker v. Home Depot,* 445 F.3d 541, 543 (2d Cir.2006). Mere speculation and conjecture, however, are insufficient to avoid summary judgment. *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990).

Del Franco's ADEA claim is evaluated under the *McDonnell Douglas* three-part test. *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Assuming, *arguendo,* that Appellant has met her burden of demonstrating a prima facie case, and assuming *arguendo* (and more dubiously) that she has demonstrated pretext, she certainly has not shown "on the basis of all the evidence presented and without the benefit of any presumptions, that it is more likely than not that the employer's decision was motivated at least in part by discrimination." *Stratton v. Dep't for the Aging,* 132 F.3d 869, 879 (2d Cir.1997).

Appellant was sixty-three years old when hired and sixty-five when fired. It is uncontested that five different supervisors complained about the quality of Appellant's work over a span of just over two years. Appellant does not even allege discriminatory motives on the part of four of them, and the allegations against the fifth are of the weakest sort. Finally, Appellee's employment practices generally do not lend support to a finding of discrimination.

Reading all of the evidence in the light most favorable to Appellant, we are unable to conclude that any reasonable jury could find it more likely than not that her termination was motivated at least in part by age discrimination. Accordingly, the judgment of the district court is AFFIRMED.