**Terrance D. FOX, Plaintiff–Appellant,**

v.

**AMTRAK, Defendant–Appellee.**

No. 06–1157–cv.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2007.

Terrance D. Fox, Schenectady, NY, pro se.

Glen P. Doherty, McNamee, Lochner, Titus & Williams, P.C., Albany, NY, for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Terrance D. Fox ("Appellant" or "Fox"), proceeding *pro se*, appeals from a February 16, 2006 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting summary judgment to Defendant–Appellee Amtrak ("Appellee" or "Amtrak") as to all Appellant's claims, pursuant to Fed.R.Civ.P. 56. *See Fox v. Amtrak*, No. 04 CV 1144, 2006 WL 395269, at *7 (N.D.N.Y. Feb.16, 2006). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal. We note that Appellant retained counsel after Amtrak filed its Answer to the Complaint, and he was represented by counsel throughout the summary judgment proceedings.*

This Court reviews a district court's grant of summary judgment *de novo*. *New York v. Nat'l Serv. Indus., Inc.,* 460 F.3d 201, 206 (2d Cir.2006). Summary judgment may be granted only if we conclude that the case presents "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir.2007) (internal quotation

marks omitted). All inferences must be drawn in favor of the nonmoving party. *Baker v. Home Depot,* 445 F.3d 541, 543 (2d Cir.2006). Mere speculation and conjecture, however, are insufficient to avoid summary judgment. *W. World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir. 1990).

We have considered all of Appellant's arguments, and we have construed his *pro se* submission liberally. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006). For substantially the reasons stated in the district court's February 16, 2006 order, we hold that Fox's claims were properly dismissed, and that therefore Fox is not entitled to damages based on the "undue stress," "mental anguish," and "humiliation" Amtrak's allegedly unlawful acts may have caused him. We add only that Fox's disparate impact claim, which is based on Amtrak's use of a seniority system, is not properly before us, as Fox has raised that claim for the first time on appeal. *See Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994). Appellant, who was counseled throughout most of the proceedings before the district court, had ample time to seek to amend his Complaint and did not do so; nor has he proffered reasons for his failure to raise his disparate impact claim below or given any indication that our failure to consider that claim would result in manifest injustice. *See Bogle–Assegai v. Connecticut,* 470 F.3d 498, 504 (2d Cir.2006).

Accordingly, the judgment of the district court is AFFIRMED.

---

* In June 2006, this Court dismissed Fox's appeal for his failure to file "Forms C and D." In August 2006, Fox notified the Court that he was no longer represented by counsel and would be proceeding *pro se*. Thereafter, this Court granted Fox's motion to reinstate his appeal.