SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.
Plaintiffs-Appellants Valerie Kelsey and Theodore Goddard (“Plaintiffs”) appeal from a grant of summary judgment for Defendants-Appellees the City of New York and the individually named New York City Police Department Officers (“Defendants”) by the United States District Court for the Eastern District of New York (Bianco, J.). Plaintiffs brought the underlying action on behalf of themselves and the estate of Curtis Goddard (“Goddard”) alleging: 1) damages under 42 U.S.C. § 1983 for violation of decedent Goddard’s Fourteenth Amendment due process rights and 2) damages for wrongful death under a pendent state law negligence claim. We assume the parties’ fa *702 miliarity with the facts, the procedural history, and the issues on appeal.
In this appeal, Plaintiffs argue that the district court’s grant of summary judgment was improper. Specifically, Plaintiffs allege that the defendant police officers acted with deliberate indifference to Goddard’s safety needs while he was in their custody, thereby violating his Fourteenth Amendment due process right to be protected from self-inflicted injuries, including suicide. Plaintiffs also argue that Defendants are not entitled to qualified’ immunity and that the district court improperly dismissed Plaintiffs’ supplemental state law negligence claim.
We first consider Plaintiffs’ claim that summary judgment was improper because Defendants acted with deliberate indifference to Goddard’s safety. This Court reviews a district court’s grant of summary judgment de novo. Blackman v. N.Y. City Transit Auth., 491 F.3d 95, 98 (2d Cir. 2007) (per curiam). This Court may affirm the grant only where the case presents “no genuine issue as to any material fact.” Fed. R. Civ. Pro. 56(c). All facts, inferences, and ambiguities must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Baker v. Home Depot, 445 F.3d 541, 543 (2d Cir.2006).
While in custody, a pretrial detainee has a Fourteenth Amendment substantive due process right to care and protection, including protection from suicide. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir.2000); Weyant v. Okst, 101 F.3d 845, 856 (2d Cir.1996). An official may be found liable for violating a detainee’s due process rights if the official was deliberately indifferent to the medical need of a detainee to be protected from himself. See Weyant, 101 F.3d at 856. “Deliberate indifference” is “a mental state more blameworthy than negligence” — it is “a state of mind that is the equivalent of criminal recklessness.” Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir.2003) (internal citations and quotation marks omitted). This Court has stated that “deliberate indifference involves unnecessary and wanton infliction of pain, or other conduct that shocks the conscience.” Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir.1996). The conduct of the defendants must involve “an act or a failure to act ... that evinces ‘a conscious disregard of a substantial risk of serious harm.’ ” Hathaway, 99 F.3d at 553 (quoting Farmer v. Brennan, 511 U.S. 825, 839, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)); see also Rellergert v. Cape Girardeau County, 924 F.2d 794, 797 (8th Cir.1991) (“Simply laying blame or fault and pointing out what might have been done is insufficient. The question is not whether the [defendants] did all they could have, but whether they did all the Constitution requires.”).
We need not decide whether to apply the subjective deliberate indifference standard, under which Plaintiffs must show that Defendants actually knew of the risk to Goddard’s health or safety, see Farmer, 511 U.S. at 837, 114 S.Ct. 1970; Johnson v. Wright, 412 F.3d 398, 403 (2d Cir.2005); Cuoco, 222 F.3d at 107, or the objective standard, under which Plaintiffs must show that Defendants knew or should have known of the risk, see Weyant, 101 F.3d at 856, because in this case the district court correctly concluded as a threshold matter that Defendants were aware of Goddard’s suicidal tendencies. See Kelsey v. City of New York, 2006 WL 3725543, *5, 2006 U.S. Dist. LEXIS 91977, at *16-17 (E.D.N.Y. Dec. 18, 2006).
The district court then turned to the question of whether a rational jury could find that insufficient protective measures were taken by the officers such that they *703 were deliberately indifferent to the risk that Goddard could commit suicide. Id. at *7, 2006 U.S. Dist. LEXIS 91977, at *17. Viewing the facts in the light most favorable to Plaintiffs, the court properly found that, although the steps taken by the police were insufficient in hindsight to prevent Goddard’s suicide, there was “no reasonable basis for a jury to find that the defendant officers exhibited deliberate indifference to Goddard’s safety needs.” Id. at *7, 2006 U.S. Dist. LEXIS 91977, at *22. As the court noted, Defendants took many affirmative steps to protect Goddard, including: 1) seizing dangerous items he possessed, among them a razor blade; 2) handcuffing him behind his back; 3) calling for assistance from an Emergency Services Unit (“ESU”) to assist with an emotionally disturbed person; 4) cornering Goddard against a wall, surrounded by four officers, as they waited for the ESU; and 5) after Goddard fled, seven officers immediately chasing Goddard as he ran up the stairway to the roof from which he subsequently jumped to his death. See id. We agree with the other Circuits which have, in general, found deliberate indifference lacking where officers take affirmative and reasonable steps to protect detainees from suicide. See, e.g., Brown v. Hams, 240 F.3d 383, 390 (4th Cir.2001) (no deliberate indifference where officer “responded reasonably” to suicide risk by placing detainee under “medical watch,” which involved constant video surveillance); Rhyne v. Henderson County, 973 F.2d 386, 393-94 (5th Cir.1992) (no deliberate indifference where officers checked suicidal inmates only every ten minutes); Rellergert, 924 F.2d at 797-98 (no deliberate indifference where officer attending to conflicting responsibilities let inmate out of his sight with a bed sheet, although inmate was on suicide watch). In light of Defendants’ substantial efforts to secure Goddard, no reasonable fact finder could find that Defendants were deliberately indifferent to the risk of Goddard’s suicide. The district court properly granted summary judgment for Defendants with regard to Plaintiffs’ claim under 42 U.S.C. § 1983.
Plaintiffs also argue the impropriety of the district court’s alternative finding that, even if the defendant police officers had violated Goddard’s Fourteenth Amendment due process rights, Defendants were entitled to qualified immunity. This Court reviews a district court’s ruling as to qualified immunity de novo. See Velez v. Levy, 401 F.3d 75, 84 (2d Cir.2005). Because we conclude that Defendants did not violate Goddard’s constitutional rights, however, we need not address whether they are entitled to qualified immunity.
Finally, Plaintiffs argue that the district court improperly declined to exercise supplemental jurisdiction over Plaintiffs’ state law negligence claim, despite the court’s elimination of Plaintiffs’ federal law claim. This Court reviews a district court’s decision to decline supplemental jurisdiction over pendent state law claims for abuse of discretion. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir.1994). We have stated that “in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims.” Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir.2003) (internal quotation marks and citation omitted). Accordingly, we find that the district court did not abuse its discretion in declining to adjudicate Plaintiffs’ state law negligence claim.
For the reasons stated herein, we AFFIRM the judgment of the district court.