14-1630-cv
*Handverger v. City of Winooski*

UNITED STATES COURT OF APPEALS<br>FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSHUA HANDVERGER,
> *Plaintiff-Appellant,*

-v.-                                                                    No. 14-1630-cv

CITY OF WINOOSKI, VERMONT,
> *Defendant-Appellee,*

J. WILLIAM O'BRIEN, ESQ., WILLIAM
O'BRIEN, ESQ.,
> *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        JOHN L. FRANCO, JR., Law Office of John L. Franco, Jr., Burlington, VT.

**FOR DEFENDANT-APPELLEE:**         KAVEH S. SHAHI, Cleary Shahi & Aicher, P.C., Rutland, VT.

Appeal from a November 1, 2013 judgment and a March 31, 2014 order of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 1, 2013 judgment and the March 31, 2014 order of the District Court are **AFFIRMED**.

Plaintiff Joshua Handverger ("Handverger") appeals from a judgment of the District Court entered in favor of defendant City of Winooski ("Winooski" or the "City") following a jury trial on Handverger's federal and state religious discrimination claims against the City. Handverger also appeals from the District Court's dismissal of his 42 U.S.C. § 1983 claims at summary judgment and denial of his post-trial motions under Federal Rules of Civil Procedure 50 and 59. On appeal, Handverger contends that (1) the District Court improperly dismissed his liberty interest claim on summary judgment by denying him a name-clearing hearing, (2) the District Court erred by denying his Rule 50 motion, and (3) the District Court erred by denying his Rule 59 motion. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I.   Name-Clearing Hearing

We review a district court's grant of a motion for summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 118 (2d Cir. 2001).

An employee can "invoke the protections of the Due Process Clause" where that employee has suffered a loss of reputation (the stigma) alongside the deprivation of a more tangible interest, which can include government employment (the plus). *Patterson v. City of Utica,* 370 F.3d 322, 330 (2d Cir. 2004). However, in the case of an at-will government employee, a post-termination name-clearing hearing is an appropriate remedy to protect the sort of liberty interests presented in a stigma-plus claim. *Segal v. City of New York*, 459 F.3d 207, 214 (2d Cir. 2006). Indeed, we have noted "a post-deprivation name-clearing hearing may defeat a plaintiff's stigma-plus claim, so long as the hearing is adequate for due process purposes." *Id.* (alterations omitted) (quoting *Patterson*, 370 F.3d at 335) (internal quotation marks omitted).

Plaintiff claims that Winooski denied him of his liberty interest in a "name-clearing hearing," in violation of 42 U.S.C. § 1983. Specifically, he claims that City officials made public, false, and stigmatizing statements in connection with the termination of his job as City Manager. We assume, for purposes of this appeal, that Handverger has brought forth evidence demonstrating a deprivation of his liberty interest. Even so, we hold that Winooski specifically offered plaintiff an adequate public hearing where he was able to clear his name, thus defeating his stigma-plus claim.

Handverger requested a public hearing on September 27, 2008. J.A. 46-47. On the evening of September 28th, Winooski notified Handverger that the hearing was scheduled for September 30th. At the time of scheduling, Winooski had no knowledge that the date would present a conflict

2

for Handverger. On the morning of September 30th, Handverger objected to the hearing date for two reasons: 1) "[n]ot only did this notice provide less than 48 hours to prepare," but 2) "the time provided was during the Jewish high holiday of Rosh Hashanah. Indeed, tonight's hearing is taking place on the second night of Rosh Hashanah." *Id.* at 53. Winooski then offered to reschedule the hearing provided Handverger agreed to "maintain the legal status quo of the parties as of September 30, 2008." *Id.* at 57. Handverger rejected this offer without making any further hearing requests, and Winooski held the hearing as scheduled without Handverger present.

The combination of the September 30th hearing offer and the City's subsequent offer to reschedule the hearing satisfies the City's due process requirements. Each meeting offer would have allowed the plaintiff the opportunity to challenge the prior stigmatizing statements and clear his name. While the first offer seemingly conflicted with plaintiff's religious obligations, and provided inadequate time for preparation, the second offer did not. Nonetheless, Handverger rejected Winooski's follow-up offer without any showing that the conditions offered by the City would have impeded his ability to clear his name. Thus, Winooski's motion for summary judgment with regard to plaintiff's § 1983 claim was properly granted.

## II. Denial of Handverger's Rule 50 Motion

We review *de novo* a district court's denial of a motion for judgment as a matter of law pursuant to Rule 50. *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005). "A Rule 50 motion may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (alterations omitted) (internal quotation marks omitted).

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, states that "when an employee has a genuine religious practice that conflicts with a requirement of employment, his or her employer, once notified, must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002); *see* 42 U.S.C. § 2000e(j). Like a plaintiff alleging religious discrimination, a plaintiff alleging failure to accommodate must first make out a prima facie case by showing that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health,* 275 F.3d 156, 167 (2d Cir. 2001). Once a prima facie case is established by the employee, the employer must offer "a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme,* 287 F.3d at 158.

In attempting to reach such an accommodation, "both the employer and employee should remain flexible, with an eye toward achieving a mutually acceptable adjustment." *Id.* Employees "are

3

not entitled to hold out for the most beneficial accommodation," *Baker v. The Home Depot*, 445 F.3d 541, 548 (2d Cir. 2006) (internal quotation marks omitted), or even their preferred accommodation, *Cosme*, 287 F.3d at 158. Rather, when any reasonable accommodation is provided by the employer, the statutory inquiry ends. *Id.* Finally, we have stated that "ordinarily, questions of reasonableness are best left to the fact finder," *Baker*, 445 F.3d at 548 (alterations omitted) (internal quotation marks omitted).

There was sufficient evidence for the jury to conclude that the City's offer to reschedule the September 30, 2008 hearing—even with the added condition—was a "reasonable accommodation." From the evidence presented at trial, the basic positions of the parties were clear: Handverger insisted that he was entitled to the City Charter's protection and a good cause hearing while the City insisted that because plaintiff was still in his first year in the job, he was an at-will employee and thus not entitled to a pre-termination hearing. Nonetheless, the City was willing to offer him a hearing—on a date that did not conflict with a religious holiday—with one additional condition: that the parties would fix the date of the termination as of September 30, 2008 to avoid prejudice to Winooski's position that it was acting within the first year of plaintiff's employment contract. The offer would have put Handverger in the exact place that he would have been in if he was not observing a religious holiday on September 30, 2008: He would have had a hearing with the protections of an at-will employee. While an employer must make a reasonable accommodation for an employee's religious observance, an employee cannot, at the same time, selectively leverage that accommodation to advance himself in a professional negotiation. Accordingly, the District Court did not err in denying Handverger's motion for judgment as a matter of law.

### III. Denial of Handverger's Rule 59 Motion

We review the denial of a Rule 59 motion for abuse of discretion. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012). Under Rule 59, a "motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (internal quotation marks omitted).

Handverger claims that the District Court erred by allowing the City to argue, as an affirmative defense, that it would have terminated him regardless of whether another hearing was held after September 30, 2008. Because the jury found that the City had not engaged in religious discrimination, it did not reach the City's affirmative defenses. *See AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 457 (2d Cir. 2009) ("The law recognizes a strong presumption that juries follow . . . limiting instructions unless there is an overwhelming probability of their inability to do so."). Handverger therefore "suffered no harm from the error [he] contest[s]." *Harris v. O'Hare*, 770 F.3d 224, 232 (2d Cir. 2014).

Handverger also contends that the District Court erred by admitting evidence regarding a sexual harassment suit arising out of his previous job. Handverger has waived the right to contest much of

4

this evidence, however, by testifying about the prior suit during his direct examination. *See Ohler v. United States*, 529 U.S. 753, 755 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted."). To the extent that he preserved any of his evidentiary challenges, his claims do not meet the high bar required for a reviewing court to grant a new trial. Accordingly, we affirm the denial of Handverger's Rule 59 motion.

## **CONCLUSION**

We have considered plaintiffs' remaining arguments and find them without merit. Accordingly, we **AFFIRM** the November 1, 2013 judgment and the March 31, 2014 order of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5