*Jackson v. Amazon.com, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SILICIA ANIQUE JACKSON,

> *Plaintiff-Appellant,*

v.                                                                25-72

AMAZON.COM, INC., AMAZON.COM SERVICES, LLC,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:               SILICIA ANIQUE JACKSON, pro se, Staten Island, NY.

FOR DEFENDANTS-APPELLEES:           ELI Z. FREEDBERG, Littler Mendelson, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 6, 2024 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Silicia Jackson, pro se, alleges that Defendants Amazon.com, Inc., and Amazon.com Services, LLC (together "Amazon") discriminated against her because of her religion in violation of Title VII of the Civil Rights Act of 1964. When Amazon informed employees that it would require them to submit proof that they had received a COVID-19 vaccination, Jackson submitted a religious exemption request explaining that vaccinations violated her deeply held religious beliefs. She told Amazon that she believed the vaccine would "undermine the way my Creator designed my natural body to work and function on Earth, my spiritual body, my soul's purpose and my soul's ascension and passage into heaven." App'x at 62. Amazon approved her request for a religious exemption and told her she could come to work if she agreed to wear a mask, maintain social distancing, and take a COVID-19 test every seven days. Jackson responded that "testing is also against her sincerely held religious beliefs." *Id.* at 11. Amazon replied that if Jackson did not agree to testing, it "would put [her] on a personal leave of absence" and "would work with the job search reassignment team to try and place [her] at a site outside of New York." *Id.* at 13. After Jackson was unable to find another position, Amazon placed her on a leave of absence. She then sued, alleging that Amazon violated Title VII by failing to give her a reasonable accommodation to the testing requirement and by treating her differently than other coworkers by requiring her to wear a mask and take regular COVID-19 tests. She appeals from the district court's order and judgment granting Defendants' motion to

dismiss. We assume the parties' familiarity with the underlying facts and procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

Jackson challenges the district court's dismissal of her failure-to-accommodate and disparate treatment claims, and its denial of her request for leave to amend. We reject each challenge in turn.

To start, we affirm the dismissal of Jackson's failure-to-accommodate claim. Title VII makes it unlawful "for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (quotation marks omitted). To survive a motion to dismiss, plaintiffs asserting that they were denied reasonable accommodations for their religious practices under Title VII must plausibly allege that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Id.* (quoting *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001)). "[W]hen an employee has a genuine religious practice that conflicts with a requirement of employment, his or her employer, once notified, must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).

We conclude, as the district court did, that Jackson did not plausibly allege in her complaint a bona fide religious belief conflicting with Amazon's testing requirement. Jackson asserted only that "testing" is against her "sincerely held religious beliefs." App'x at 12. She did not say what these beliefs are or how weekly testing violates them. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion

3

under Rule 12(b)(6).   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Jackson's bare assertion that she has unspecified religious beliefs that conflict with Amazon's testing requirement is insufficient to state a claim for religious discrimination under Title VII.   We thus affirm the dismissal of Jackson's failure-to-accommodate claim.

We also affirm the dismissal of Jackson's disparate treatment claim.   A plaintiff may establish a discrimination claim under Title VII "by showing that [s]he has suffered an adverse job action under circumstances giving rise to an inference of discrimination on the basis of . . . religion."   *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004).   "A showing of disparate treatment—that is, a showing that an employer treated the plaintiff less favorably than a similarly situated employee outside h[er] protected group—is a recognized method of raising an inference of discrimination."   *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (quotation marks omitted).   When a plaintiff relies on disparate treatment to raise an inference of discrimination, the "comparator must be similarly situated to the plaintiff in all material respects."   *Id.* at 494 (quotation marks omitted).

Jackson did not plausibly plead that she was treated differently than other similarly situated employees.   She asserted that Amazon treated unvaccinated employees less favorably than vaccinated employees by requiring them to wear masks and to take routine COVID-19 tests, but does not explain why vaccinated and unvaccinated employees are similarly situated.   Nor did she argue that she was treated differently than other unvaccinated employees who did not share her religious beliefs: instead, she acknowledges that all employees who received either a religious or a medical exemption to the vaccine requirement were subject to the same requirements. Moreover, Amazon offered the disparate treatment Jackson complains of—being asked to wear a mask and to test weekly—to accommodate her objection to receiving the COVID-19 vaccine.

4

Having asked to be treated differently than other employees, Jackson cannot now point to the accommodation that Amazon offered as impermissible disparate treatment.

Finally, we affirm the district court's decision to dismiss Jackson's Second Amended Complaint with prejudice and to deny her leave to amend further. We review for abuse of discretion, "keeping in mind that leave to amend should be freely granted when justice so requires." *Thea v. Kleinhandler*, 807 F.3d 492, 496 (2d Cir. 2015) (quotation marks omitted). "This relaxed standard applies with particular force to pro se litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Even so, where the problem with a pro se litigant's "causes of action is substantive" and "better pleading will not cure it," repleading would be futile and the "request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The district court did not abuse its discretion in denying Jackson leave to replead. Jackson's complaint makes clear that she was not treated differently than similarly situated employees, and she did not suggest any amendments that could cure her disparate treatment claim. And although she asks for permission to amend to cure the deficiencies in her failure-to-accommodate claim, her brief "has suggested no new material she wishes to plead" that could cure those deficiencies. *Id.*

\* \* \*

We have considered Jackson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5