12-3750-cv
*Marmulszteyn v. Napolitano*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
*Circuit Judges.*

───────────────────────────────

AVROHOM MARMULSZTEYN,

*Plaintiff-Appellant,*

v.                                                             No. 12-3750-cv

JANET NAPOLITANO, Secretary, United States Department of Homeland Security,

*Defendant-Appellee.*

───────────────────────────────

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Alan E. Wolin, Wolin & Wolin, Jericho, NY. |
| **FOR DEFENDANT-APPELLEE:** | Layaliza Soloveichik, Varuni Nelson, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's August 24, 2012 judgment is **AFFIRMED**.

Plaintiff-appellant Avrohom Marmulszteyn appeals from the District Court's grant of summary judgment in favor of defendant-appellee Janet Napolitano, in her capacity as Secretary of the Department of Homeland Security. Marmulszteyn's claims, brought pursuant to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000 *et seq.*, are based on alleged religious discrimination. In particular, Marmulszteyn alleges that his employer, U.S. Customs and Border Protection ("CBP"),[1] discriminated against him by not providing a reasonable religious accommodation, and by subjecting him to disparate treatment based on his religion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)); *see* Fed. R. Civ. P. 56(a); *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

After reviewing the record *de novo*, we conclude that Marmulszteyn's arguments are without merit. Although we affirm substantially for the reasons stated by the District Court in its August 22, 2012 Memorandum and Order, we briefly note the reasons underlying our decision.

### A.

First, we agree with the District Court that Marmulszteyn failed to establish a *prima facie* case for his failure-to-accommodate claim because no evidence suggests that he suffered an adverse employment action. *See, e.g.*, Joint App'x 183 (Marmulszteyn testifying that he had not been disciplined "for not showing up on Saturday"); *id.* at 270-71 (similar); *see also Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (noting that a failure-to-accommodate claim requires a plaintiff to show that he has suffered an adverse employment action).

Moreover, even assuming that Marmulszteyn could establish a *prima facie* case for his failure-to-accommodate claim, the defendant was entitled to summary judgment because Marmulszteyn was offered a reasonable accommodation: CBP's "Accommodation Tour" eliminated Marmulszteyn's

---

[1] CBP is a component of the Department of Homeland Security.

2

religious conflict because, when he was assigned a Saturday morning shift, he was allowed to switch to a Saturday shift beginning at 10:00 p.m., after his Sabbath ends.[2] *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) ("In formulating . . . a[ ] [reasonable] accommodation, both the employer and employee should remain flexible, with an eye toward achieving a mutually acceptable adjustment. . . . [T]o avoid Title VII liability, the employer need not offer the accommodation the employee prefers. Instead, when any reasonable accommodation is provided, the statutory inquiry ends."); *see also* Joint App'x 97, 197.

**B.**

Second, we agree with the District Court's dismissal of Marmulszteyn's disparate-treatment claim.[3] This claim is governed by the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), under which a plaintiff must satisfy the minimal burden of making out a *prima facie* case of discrimination by showing that: "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010).

Not only did Marmulszteyn fail to show that he suffered an adverse employment action, *see* Part A, *ante*, but he also presented no evidence giving rise to an inference of discrimination, *see Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (noting that in order to raise an inference of discrimination on the basis of being subjected to disparate treatment, "the plaintiff must show [ ]he was similarly situated in all material respects to the individuals with whom [ ]he seeks to compare h[im]self." (internal quotation marks omitted)). Although Marmulszteyn complains that certain CBP employees received "permanent exemptions" from working on Saturdays ("legacy employees"), he is not similarly situated to those legacy employees. Unlike the legacy employees—who "had worked for one of CBP's predecessor agencies . . . [and received the permanent] exemptions . . . [because they] had already negotiated [those exemptions] with the predecessor agencies"—Marmulszteyn did not come from a predecessor agency and joined CBP "when CBP consistently denied employee requests for permanent religious exemptions from work." *Marmulszteyn v. Napolitano*, No. 08-CV-4094, 2012 WL 3645776, at *8 (E.D.N.Y. Aug. 22, 2012). In sum, we find no evidence in this record that gives rise to an inference of discrimination.[4]

---

[2] Marmulszteyn is a Hasidic Orthodox Jew and informed CBP that his faith precluded him from working on Saturdays until an hour after sunset. Joint App'x 78.

[3] Because we affirm the dismissal of Marmulszteyn's disparate-treatment claim for the reasons stated by the District Court, we do not consider the government's exhaustion arguments.

[4] Indeed, the fact that some legacy employees are Orthodox Jews, like Marmulszteyn, further militates against an inference of discriminatory intent. *See* Joint App'x 204, 230-31; *Austin v. Ford Models, Inc.*, 149 F.3d 148, 153-54 (2d Cir. 1998) (holding that no inference of discrimination on the basis of sex existed "[b]ecause Austin admits that two other

**CONCLUSION**

We have considered all of Marmulszteyn's arguments on appeal and conclude that they are without merit.  Accordingly, the August 24, 2012 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

similarly situated women employees . . . received additional staffing, and because she has alleged no other fact raising an inference of sex discrimination"), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

4