14-2480-cv
Doughty v. Dep't of Developmental Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand fifteen.

PRESENT: RALPH K. WINTER,
PIERRE N. LEVAL,
REENA RAGGI,
*Circuit Judges.*

———————————————————————

RAY DOUGHTY,
*Plaintiff-Appellant*,

v.                                                          No. 14-2480-cv

DEPARTMENT OF DEVELOPMENTAL
SERVICES STS, STATE OF CONNECTICUT,
*Defendant-Appellee*.

———————————————————————

FOR APPELLANT:                 Ray Doughty, <u>pro se</u>, Waterbury, Connecticut.

FOR APPELLEE:                  Erik T. Lohr, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 13, 2014, is AFFIRMED.

Appellant Ray Doughty, proceeding pro se, appeals from the district court's award of summary judgment in favor of the Department of Developmental Services ("DDS") on Doughty's claims of (1) race, gender, and religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"); and (2) intentional infliction of emotional distress under state law.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the nonmovant.   See Lederman v. N.Y.C. Dep't of Parks & Recreation, 731 F.3d 199, 202 (2d Cir. 2013).   Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); accord Smith v. Cnty. of Suffolk, 776 F.3d 114, 121 (2d Cir. 2015).

On appeal, Doughty does not dispute the district court's ruling that he abandoned his claims of race and gender discrimination, retaliation, and intentional infliction of emotional distress by failing to oppose summary judgment as to those claims.   He has thus

2

forfeited any challenge to that ruling. See United States v. Litwok, 678 F.3d 208, 216 (2d Cir. 2012). In any event, the district court correctly granted summary judgment to DDS on those claims. Doughty had counsel below, and "in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to summary judgment] that relevant claims or defenses that are not defended have been abandoned." Jackson v. Federal Exp., 766 F.3d 189, 198 (2d Cir. 2014).

The district court also correctly determined that DDS was entitled to summary judgment on Doughty's remaining claim of religious discrimination. To set forth a prima facie case of religious discrimination, Doughty needed to show that he (1) held a good faith religious belief conflicting with an employment requirement, (2) informed DDS of this belief, and (3) was disciplined for failing to comply with the conflicting employment requirement. See Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). If a prima facie case is established, the employer must offer the employee a reasonable accommodation, unless doing so would cause undue hardship. See id. An accommodation causes undue hardship if it results in "more than a de minimis cost to the employer." Id. at 548.

Doughty disputes the district court's determination that he failed to adduce sufficient evidence of prima facie discrimination. We need not conclusively decide that issue because, even assuming resolution in Doughty's favor, the undisputed evidence demonstrates that DDS could not make a reasonable accommodation. Doughty could

3

have exercised his union seniority rights to select one of the available schedules that accommodated his religious beliefs, but he refused to do so and, thus, was assigned a schedule in regular course. To provide an accommodation after that assignment, DDS would have had to redo the selection schedule process set forth by the union contract. Title VII, however, does not require an employer to "deny the shift and job preference of some employees, as well as deprive them of their contractual rights, in order to accommodate or prefer the religious needs of others." Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 81 (1977); accord Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 334 (2d Cir. 1995). While DDS could have paid overtime to an employee who would cover Doughty's Sunday shift, this extra cost would also constitute an undue burden. See Trans World Airlines, Inc. v. Hardison, 432 U.S. at 84 ("Like abandonment of the seniority system, to require [the employer] to bear additional costs when no such costs are incurred to give other employees the days off that they want would involve unequal treatment of employees on the basis of their religion."). Accordingly, the district court's grant of summary judgment in favor of DDS on Doughty's religious discrimination claim was proper.

We have considered all of Doughty's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4