17-784-cv
*Vaigasi v. Solow Management Corporation, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------------

Pedio Vaigasi,

*Plaintiff-Appellant*,

v.

No. 17-784-cv

Solow Management Corporation, Gregory Tumminia, in his individual and official capacity, Anthony Callicchio, in his individual and official capacity, Giovani Bernardino, in his individual and official capacity, Ronan Kearney, in his individual and official capacity, Solow East River Development Co. LLC, Stefan Solow, in his individual and official capacity, Sheldon Solow, in his individual and official capacity, Nelson Genao, in his individual and official capacity, Alexander Ferreras, in his individual and official capacity, Townhouse Co. LLC, George Dedivanovick, in his individual and official capacity, Phillip Wischerth, in his individual and official capacity, Solow Realty & Development Co., Lisa Garraputa, in her individual and official capacity,

*Defendants-Appellees*,

Solow Realty Co. LLC, Townhouse Co Solow Building Corporation,

*Defendants.*

-----------------------------------------------------------------------------

| For Appellant: | Stewart Lee Karlin, Stewart Lee Karlin Law Group, PC, New York, New York. |
| For Appellee Gregory Tumminia: | Mark H. Stofsky, Brooklyn, New York. |
| For all Appellees: | Melissa D. Hill, Morgan, Lewis & Bockius LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*, Pitman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

This is an employment discrimination lawsuit brought by Plaintiff Pedio Vaigasi ("Vaigasi") against his former employer Solow Management Corporation, Solow Realty & Development Co. LLC, and related entities ("Corporate Defendants") and eleven of the Corporate Defendants' employees and officers (collectively, "Defendants"). Vaigasi was employed as a handyman and Assistant Resident Manager ("ARM") at two Manhattan apartment buildings, 265 East 66th Street (the "66th Street Building") and 525 East 72nd Street (the "72nd Street Building").

Vaigasi alleges that the Defendants discriminated against him because of his age, sex, religion, and disability and subjected him to a hostile work environment in violation of Title VII of the Civil Rights Act ("Title VII"); the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act ("ADA"); 42 U.S.C. §§ 1981 and 1983; the New York State Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL"). Vaigasi also alleges that Defendants interfered with his rights under the Family and Medical Leave Act ("FMLA") and retaliated against him because he exercised his rights under the FMLA, the

2

ADA, and the ADEA. Vaigasi's claims arise out of four incidents: (1) Vaigasi's transfer from the 66th Street Building to the 72nd Street Building in 2009 ("2009 Transfer"); (2) Vaigasi's reinstatement as the ARM at the 66th Street Building in 2010 ("2010 Reinstatement"); (3) the removal of a door "kickstand" at the 72nd Street Building; and (4) the termination of Vaigasi's employment in January 2012.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). We review *de novo* a district court's decision granting summary judgment. *Fratello v. Archdiocese of N.Y.*, 863 F.3d 190, 198 (2d Cir. 2017). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

For substantially the same reasons stated in the district court's March 24, 2014, February 16, 2016, and February 16, 2017 orders, we affirm the judgment of the district court. *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CIV-5088(RMB)(HBP), 2014 WL 1259616 (S.D.N.Y. Mar. 24, 2014); *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CIV-5088(RMB)(HBP), 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016); *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CIV-5088(RMB)(HBP), 2017 WL 945932 (S.D.N.Y. Feb. 16, 2017).

Vaigasi does not plausibly allege that his gender was a basis for any of Defendants' purported adverse employment actions, nor does he set forth factual circumstances from which discrimination could be inferred. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). Even if it is true that Defendant Alexander Ferreras ("Ferreras") called him "sweetheart" and said he "go[es] both ways," Vaigasi does not allege that Ferreras was involved in the decision to transfer him to the 72nd Street Building. *Id.* (holding that a plaintiff must

3

"allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent" (internal quotation marks omitted)).

Vaigasi does not plausibly state a claim for religious discrimination. Defendants' purported threat that Vaigasi would be "written up" if he refused to work on Sunday, without more, is insufficient to state a religious discrimination claim. *Bowles v. N.Y.C. Transit Auth.*, 285 F. App'x 812, 814 (2d Cir. 2008) (summary order) (noting that a mere "threat" of discipline that never "ripen[s] into any further action" is insufficient to demonstrate a materially adverse employment action); *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 571 (2d Cir. 2011).[1]

Vaigasi fails to raise a triable issue of age discrimination. Assuming Vaigasi can make a *prima facie* case of age discrimination by providing evidence that he was replaced by a younger employee or that a younger employee was given a promotion over him, Vaigasi's NYSHRL claim fails because he offered no evidence to rebut Defendants' testimony that he was transferred to the 72nd Street Building to meet legitimate personnel needs. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013). Vaigasi's ADEA and NYSHRL claims premised on the 2010 Reinstatement also fail because Vaigasi does not cite evidence in the record demonstrating that he

---

[1] Vaigasi argues that the district court erred in denying his request to amend his FMLA claims because, unlike his Title VII, ADA, ADEA, NYSHRL, and NYCHRL claims, Vaigasi was not given prior opportunities to cure his defective pleading. "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Vaigasi fails to demonstrate how he would amend the Third Amended Complaint to avoid dismissal. *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (noting that leave to amend must be denied "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal"). Therefore, the district court did not err in denying him leave to amend yet again.

4

was treated differently than younger employees after he was reinstated as the ARM at the 66th Street Building. *Id.*; *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000). For the same reasons, Vaigasi's NYCHRL age discrimination claim was properly dismissed on summary judgment. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (holding that although a plaintiff "need only demonstrate by a preponderance of the evidence that [he] has been treated less well than other employees" because of his age, "[t]he plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive" (internal quotation marks omitted)).

Vaigasi also fails to raise a triable issue of disability discrimination. Assuming Vaigasi's vague back, knee, shoulder, hand, and eye injuries rendered him disabled under the ADA, the NYSHRL, and the NYCHRL, Vaigasi's proffered evidence would not permit a rational factfinder to infer that Defendants had notice of his disability, as is required to make out a *prima facie* case. *See Noll v. Int'l Bus. Mach. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015).

Finally, the district court acted within the bounds of its discretion in sanctioning Vaigasi under Federal Rules of Civil Procedure 26(g), 37(b)(2), and the court's inherent authority. "'[A]ll litigants, including *pro ses*, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)). Despite the district court's herculean efforts to guide Vaigasi through the discovery process, Vaigasi showed no interest in complying with the discovery rules or the district court's orders. The district court repeatedly warned Vaigasi that discovery was not a tool to harass Defendants and cautioned him to limit his discovery requests to the facts of the case. Despite these

5

admonitions and the limited scope of Vaigasi's claims, Vaigasi served voluminous discovery requests on Defendants, filed multiple frivolous interlocutory appeals, and blatantly defied the district court's orders. Moreover, each of the district court's sanctions is directly responsive and proportional to Vaigasi's failure to comply with the court's orders and the discovery rules. The district court, therefore, did not abuse its discretion.

We have considered Vaigasi's remaining arguments on appeal and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court