*Hale v. Vidal*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2ⁿᵈ day of November, two thousand twenty-three.

PRESENT:
> **ROBERT D. SACK,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

Timothy Hale,

> *Plaintiff-Appellant,*

> v.                                                                                    **22-2973**

Kathi Vidal, Director of the United States Patent and Trademark Office,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:        Stephen Bergstein, Bergstein & Ullrich, New Paltz, NY.

FOR DEFENDANT-APPELLEE:        Jillian Rose Orticelli, Conor M. Reardon, Assistant United States Attorneys *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Timothy Hale sued his former employer—the Director of the United States Patent and Trademark Office (the "PTO")—alleging discrimination on the basis of his religious beliefs, including a failure to accommodate those beliefs, and retaliation for complaining about that allegedly discriminatory treatment. Hale brought his claims under the federal sector provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a), which applies to federal employees. Following discovery, the PTO moved for summary judgment on all of Hale's claims. The district court granted the motion and entered judgment against Hale. Hale timely appealed, challenging the district court's dismissal of his retaliation and failure to accommodate claims. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021).

**I. Retaliation Claim**

The parties agree that Hale's retaliation claim is evaluated under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, if a plaintiff establishes a *prima facie* case, the defendant must articulate a legitimate,

non-retaliatory reason for its challenged actions. *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107–08, 112 (2d Cir 2019). If the defendant meets her burden, the plaintiff must then show that the offered justification is pretext for retaliation. *Id.* at 108, 112.

The district court required Hale to show at the third step that retaliatory intent was a "but-for" cause of the PTO's actions. Hale argues that this was an error because the Supreme Court's decision in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), an age-discrimination case, required the court to apply a lower, "motivating factor" standard.[1] We need not resolve this issue, because Hale's claim fails under *any* standard. Hale relies almost entirely on his own affidavit to establish the PTO's motive in taking any action against him, but that affidavit is too conclusory to create a genuine issue of material fact. *See Hicks v. Baines*, 593 F.3d 159, 167–68 (2d Cir. 2010). And temporal proximity between Hale's protected activity and the PTO's adverse actions, without more, is also insufficient to survive summary judgment. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), *abrogated in part on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). The other evidence to which Hale points, such as documents demonstrating that he was subject to disciplinary action, does not support Hale's conclusory claim that retaliation was a motivation for, or in any way caused, such action. The district court thus correctly granted summary judgment on Hale's retaliation claim.

**II.     Religious Accommodation Claim**

To succeed on a religious accommodation claim, plaintiffs must first establish a *prima facie*

---

[1] *Babb* held that discrimination claims brought under 29 U.S.C. § 633a(a) require a showing that "age [is] a but-for cause of discrimination—that is, of differential treatment" and that differential treatment "plays any part in the way a decision is made." 140 S. Ct. at 1173–74.

case by showing that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). "Once a prima facie case is established by the employee, the employer must offer him or her a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (internal quotation marks, brackets, and citation omitted). Employees "are not entitled to hold out for the most beneficial accommodation," *id.* at 548 (internal quotation marks omitted), or a preferred accommodation, *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002). Rather, "when any reasonable accommodation is provided by the employer, the statutory inquiry ends." *Cosme*, 287 F.3d at 158.

Hale's religious accommodation claim fails because the PTO offered him a reasonable accommodation. When a religious retreat conflicted with Hale's deadline to file a rebuttal to the bases for an adverse employment decision, the PTO allowed him to file an appeal of that decision. No evidence indicates that the PTO otherwise allowed appeals. Hale argues that the PTO should have extended his deadline to file a rebuttal instead. But he presents no evidence that a rebuttal would have been more advantageous than an appeal, and Hale is not entitled to his preferred accommodation. *Id.*

We have considered the remainder of Hale's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4